IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AILEEN Y., in her capacity as parent and legal guardian of the Student D., <br><br> Plaintiff, <br><br> vs. <br><br> DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br> Defendant. | CIVIL NO. 10-00454 ACK-RLP <br><br> FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF-APPELLANT'S NON-HEARING MOTION FOR ATTORNEYS' FEES & RELATED NONTAXABLE EXPENSES |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF-APPELLANT'S NON-HEARING MOTION FOR ATTORNEYS' FEES & RELATED NONTAXABLE EXPENSES[1]

Before the Court is Plaintiff-Appellant's Non-Hearing Motion for Attorneys' Fees & Related Nontaxable Expenses ("Motion"). Plaintiff requests an award of $26,554.96 in attorneys' fees. On July 11, 2011, the Defendant Department of Education, State of Hawaii filed a Memorandum in Opposition to Plaintiff's Motion. On July 25, 2011, Plaintiff filed a Reply Memorandum In Support of its Motion. The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

District Court for the District of Hawaii on June 14, 2011. After carefully reviewing the parties' submissions and the relevant legal authority, the Court FINDS and RECOMMENDS that Plaintiff's Motion be DENIED for the reasons set forth below.

BACKGROUND

D.Y. ("Student") turned twenty years old on April 6, 2008, in the middle of the 2007-08 school year. See Docket No. 43, Order Vacating the July 6, 2010, Order of the Office of Administrative Hearings and Remanding For Further Proceedings, filed June 6, 2011 ("June 6 Order") at 1.[2] Student has Prader-Willi Syndrome and received special education services from Defendant under the Individuals with Disabilities Education Act ("IDEA") until the end of the extended 2007-2008 school year. Id. At an individualized education program ("IEP") team meeting on April 8, 2008, Student's mother, Plaintiff Aileen Y., requested that Defendant provide Student with special education services until his twenty-second birthday when he was no longer "between the ages of 3 and 21, inclusive." See id. at 2 (quoting 20 U.S.C. § 1412(a)(1)(A)). Defendant refused to provide continued services on the basis that Student had aged out of eligibility for special education. Id. On July 31, 2009,

---

[2] The background facts in this decision are those recited in the June 6 Order and, as stated by the court in that order, are for the purpose of disposing of this Motion and are not to be construed as findings of fact that the parties may rely on in future proceedings. See June 6 Order at 1 n.1.

Plaintiff requested another IEP team meeting with Defendant. Id. Defendant denied Plaintiff's request by letter dated August 4, 2009. Id.

On April 8, 2010, at 4:48 p.m., via fax, Plaintiff filed a request for an administrative hearing concerning Defendant's denial of continued services for Student. Id. In her request, Plaintiff claimed that Defendant's denial of continued services was improperly based on the fact that Student had turned 20 years old and that Defendant erred in determining that an additional year of special education services would not provide a significant benefit to Student. See Order Granting Respondent's Motion to Dismiss Petitioners' Request for an Impartial Hearing, or in the Alternative, for Summary Judgment ("Hearings Officer's decision"), attached as Ex. 1 to Compl., at 3. Plaintiff sought continued services for Student until age 22; reimbursement for placement at Loveland Academy commencing in September 2009, or in the alternative, compensatory education, with a 1:1 skills trainer for such period of time Student is denied free appropriate public education. Id.

Defendant filed a motion to dismiss Plaintiff's request for a hearing or in the alternative a motion for summary judgment. Id. at 1. Defendant argued that the Plaintiff's request for a hearing should be denied because Plaintiff's request was filed after the applicable two-year statute of

limitations had expired.  Id. at 3.  Alternatively, Defendant argued that it should be granted summary judgment because Defendant did not deny Student services based solely on his age.  Id. at 4.  On July 6, 2010, the Hearings Officer granted Defendant' motion.  Id. at 6.  The Hearings Officer's decision held that:  (1) Plaintiff's request was dismissed because it was untimely; and (2) alternatively, Defendant's motion for summary judgment was granted because Defendant did not deny Student continued special education services "solely due to the fact that he turned 20 years old."  Id. at 6.  Plaintiff filed her Complaint in this court appealing from the Hearings Officer's decision on August 5, 2010.  Docket No. 1.

On June 6, 2011, the court issued an order vacating the decision of the Hearings Officer and remanding the matter back to the Office of Administrative Hearings for further proceedings.  The June 6 Order reversed the Hearings Officer's decision, concluding that (1) the Hearings Officer erroneously dismissed Plaintiff's request because it was properly submitted within the applicable time period; and (2) the Hearings Officer should have denied Defendant's motion for summary judgment because there was a genuine issue of material fact regarding the reason for the denial of Student's continued special education.  June 6 Order at 11, 20.  In reversing the Hearings Officer's determination regarding summary judgment, the court stated that the only

rationale contained in the administrative record was that Student's age was the basis for the denial of continued special education. Id. at 19. However, the court went on to consider new evidence submitted by Defendant and stated that the new evidence contradicted Plaintiff's argument that Student's age was the sole rationale for denying continued services. Id. at 20. The court held that these "conflicting arguments present genuine issues of material fact and preclude summary judgment." Id. The Court expressly declined to make any determination regarding whether Plaintiff was entitled to summary judgment because Plaintiff had not moved for summary judgment below. Id. at 19 n.14. The court vacated the Hearings Officer's decision and remanded the case for further proceedings. Id. at 21. The instant Motion followed.

## DISCUSSION

The parties do not dispute that under IDEA a prevailing party is entitled to seek attorney's fees and costs. See 20 U.S.C. § 1415(i)(3)(B)(i)(I) ("the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."). Generally, parties are considered prevailing parties if "they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting

Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)). "The success must materially alter the parties' legal relationship, cannot be de minimis and must be causally linked to the litigation brought." Van Duyn v. Baker Sch. Dist. 5J, 502 F.3d 811, 825 (9th Cir. 2007) (citing Parents of Student W. v. Puyallup Sch. Dist., No. 3, 31 F.3d 1489, 1498 (9th Cir. 1994); Park v. Anaheim Union High Sch. Dist., 464 F.3d 1025, 1034-37 (9th Cir. 2006)).

The Court finds that Plaintiff's request for attorneys' fees is premature. Plaintiff has not obtained relief on the merits and is not entitled to an award of attorneys' fees. See Hanrahan v. Hampton, 446 U.S. 754, 756-59 (1980) (holding that plaintiff was not a prevailing party for purposes of awarding fees where the court reversed the district court's directed verdict against plaintiff and issued rulings altering discovery in the plaintiff's favor); S.J. v. Issaquah Sch. Dist. No. 411, 470 F.3d 1288, 1293-94 (9th Cir. 2006) (citations omitted) (holding that plaintiff's request for attorneys' fees under IDEA was premature where the court of appeals reversed the district court's determination that the complaint was not timely served and remanded the case to the district court for further factual findings).

Two issues were decided by the court in the June 6 Order. First, the court determined that Plaintiff's request for

a hearing was timely filed.  Second, the court determined that there was a genuine issue of material fact that precluded summary judgment in favor of Defendant.  The Court finds that neither determination entitles Plaintiff to prevailing party status and attorneys fees under IDEA.  Although the remand to the Hearings Officer placed Plaintiff in a better position than she was in prior to the June 6 Order, that ruling did not reach the merits of Plaintiff's IDEA claims and did not award relief as required in order to qualify as a prevailing party.  Plaintiff has only obtained a remand of her claims to the Hearings Officer, and the Hearings Officer will determine the merits of her claims.  The June 6 Order does not contain any determination in favor of Plaintiffs as to the merits of those claims.  The June 6 Order remanding the case to the Hearings Officer may affect the ultimate disposition of the lawsuit, but Plaintiff cannot be considered a prevailing party at this time.  See Hanrahan, 446 U.S. at 759; see also K.S. v. Fremont Unified Sch. Dist., No. C 06-07218 SI, 2008 WL 1774291, at *3-*4  (N.D. Cal. April 16, 2008) (holding that plaintiff was not the prevailing party under IDEA when she obtained remand to the administrative agency); Sammons v. Polk Cnty. Sch. Bd., NO. 8:04-cv-2657-T-24 EAJ, 2007 WL 430663, at *2-3  (M.D. Fla. Feb. 5, 2007) ("Obtaining a reversal and remand directing consideration of the merits of the plaintiff's claims does not make the plaintiff a prevailing party

at the time that the case is remanded." (citations omitted)).

Plaintiff contends that the court's determination that her request for hearing was timely is "undisputedly an issue upon which Plaintiff has fully and finally prevailed." Reply at 17. Plaintiff argues that Defendant did not appeal the June 6 Order and thus should not be allowed to argue that Plaintiff is not a prevailing party on this issue. Reply at 18. Although Plaintiff did succeed on the issue of timeliness, that determination was not relief on the merits of Plaintiff's claim. The court did not make any determination regarding the substance of Plaintiff's claims that Student was denied appropriate services.

Plaintiff also contends that the June 6 Order "reasserts the injunction enunciated in [B.T. v. Department of Education, State of Hawaii, 637 F. Supp. 2d 856 (D. Haw. 2009)], enjoining Defendants from denying special education services based solely on a student's attainment of age 20." Reply at 19. In support of that assertion, Plaintiff quotes a footnote in the June 6 Order, wherein Judge Kay stated that "B.T.'s holding is one of general applicability and should have been applied by the administrative hearings officer." June 6 Order at 15 n.13. Plaintiff claims that "Judge Kay enjoined both DOE and the HO from ignoring the application of B.T. herein." Reply at 20. Plaintiff misconstrues the June 6 Order. Although the June 6 Order stated that the holding of B.T. was of general

8

applicability and should guide the decision of the hearings officer on remand, the court ultimately held that there was a genuine issue of material fact as to whether Student was denied continued educational services based solely on his age.

The June 6 Order was not a decision on the merits entitling Plaintiff to prevailing party status.  Rather, the June 6 Order merely allowed Plaintiff to continue the administrative review process.  Allowing the administrative review process to continue is not relief on the merits and does not change the parties' current relationship, but merely prolongs it.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Plaintiff-Appellant's Non-Hearing Motion for Attorneys' Fees & Related Nontaxable Expenses be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED:  HONOLULU, HAWAII, August 4, 2011



_____
Richard L. Puglisi
United States Magistrate Judge

**AILEEN Y. V. DEP'T OF EDUC., STATE OF HAW., CIVIL NO. 10-00454 ACK-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF-APPELLANT'S NON-HEARING MOTION FOR ATTORNEYS' FEES & RELATED NONTAXABLE EXPENSES**